OPINION
The Ohio Edison Company ("Ohio Edison") appeals from a judgment of the Clark County Court of Common Pleas, which found that its employees had acted negligently in excavating for the installation of street lights and awarded $36,626.57 in damages to The Ohio Bell Telephone Company, d.b.a. Ameritech ("Ameritech").
In September 1995, a road construction project was underway on South Limestone Street in Springfield near the intersection of Mulberry Street. Ohio Edison was installing new streetlights as part of that project, and Ameritech had underground telephone lines in the vicinity. North of Mulberry Street, two distinct sets of lines ran under the easternmost lane of traffic on South Limestone Street and under the sidewalk on the eastern side of South Limestone Street, and these lines converged in a manhole in the intersection of South Limestone and Mulberry Streets. On October 4, 1995, while excavating to install a base for a streetlight, Ohio Edison damaged several underground Ameritech cables with an auger, including three copper cables and one fiber optic cable. This accident occurred near the curb at the northeast corner of South Limestone and Mulberry Streets. Hundreds of hours of manpower were required around the clock for several days to restore service to Ameritech's customers.
In January 1997, Ameritech filed a complaint against Ohio Edison. Ameritech alleged that Ohio Edison had been negligent in excavating with an auger at the location in question and in failing to ascertain whether there were utility lines at the site of the excavation, as required by R.C. 3781.25 et seq. Ameritech sought $56,719.21 in damages.Under Ohio law, prior to any excavation, the developer or excavator must notify the Ohio Utilities Protection Service ("OUPS") in advance of the location of a proposed excavation site. R.C. 3781.27(A); R.C. 3781.28(A). OUPS then notifies all of the underground utility providers in the area of the proposed excavation, and the utilities are required to promptly notify the developer or excavator of their underground utility facilities at the proposed excavation site. R.C. 3781.29(A)(1). This notification often takes the form of painted markings on the ground surrounding the proposed excavation indicating the location of underground utility facilities, with different colors of paint denoting different utilities. See R.C.3781.29(C). The failure to provide such notice is deemed to be notice that no utility lines are present. R.C. 3781.29(A)(1).
Ameritech claimed that, in response to OUPS requests and other instances of damage to the lines, its employees had repeatedly marked the location of its lines in the vicinity of the South Limestone project in the days and weeks before the accident and, in particular, had marked its lines in the vicinity of the intended streetlight base where the accident occurred. Ameritech contended that Ohio Edison had acted negligently in excavating the proposed site in light of the markings all around the site indicating the location of the lines which were ultimately damaged. Ohio Edison maintained that Ameritech had not adequately marked its lines and that, in the absence of proper markings, it could not be found negligent for striking those lines.
This dispute was tried to the court in February 2000. The trial court found that Ohio Edison had acted negligently and awarded Ameritech $36,626.57 in damages.
Ohio Edison raises four assignments of error on appeal. Ohio Edison acknowledges, however, that all of its arguments "stem from the Trial Court's finding that Ameritech marked its underground telephone lines in the Mulberry Street intersection," a finding which Ohio Edison believes to be against the manifest weight of the evidence. Thus, this issue is dispositive of the case, and we will not discuss the assignments of error individually.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Considerations of credibility and questions of weight are primarily for the trier of fact, which sees and hears the witnesses, and not for the reviewing court. Hartford Cas. Ins. Co. v. Easley (1993),90 Ohio App.3d 525, 533. Thus, if there is competent, credible evidence upon which the trial court could have reasonably based its factual findings, the judgment must be affirmed. Id.
John Cunningham, a retired Ameritech employee, testified that in 1995 he had been responsible for identifying and marking underground lines in an area that included the intersection of South Limestone and Mulberry. He testified that he had regularly marked underground telephone lines with orange paint markings in parallel lines on either side of where an underground utility lay and also with orange flags, where possible. Cunningham stated that, in response to OUPS requests or damage to the lines, he had marked the intersection of South Limestone and Mulberry Streets three times in September 1995, including on September 12 and on September 29. He testified that September 29 was the last time he had marked the intersection prior to the accident in question. Cunningham had believed that the OUPS request to which he had been responding on September 29 had come from a contractor on the road construction project rather than from Ohio Edison, but he testified that his markings would have been identical regardless of who had made the request. Cunningham stated that the curb near the site of the accident, which was being replaced as part of the project, had not been in place when he had marked the lines for the last time at approximately 3:30 or earlier on September 29, and that that was why there had been no orange markings on the curb at the time of the accident. According to Cunningham, he had always marked the curb if there was a curb. Cunningham testified that his orange markings had been visible along South Limestone when he had returned to the street shortly after the accident, including markings that were "evident" ten feet from the excavation, although the latter markings were not apparent in the pictures admitted into evidence. Cunningham stated that it should have been apparent from the markings in the vicinity of the excavation that lines were in place there or that, at the very least, further inquiry was required.
David McCullough, a Springfield construction inspector for the South Limestone realignment project, also testified on behalf of Ameritech. McCullough testified that he had overseen the contractors, subcontractors, and utilities that were working on the project. McCullough stated that he had seen Cunningham mark Ameritech's lines at least one time and that two separate lines had been marked along South Limestone that came together at the manhole in the intersection of Mulberry. According to McCullough's daily record of the work done on the project, excavation and the pouring of concrete for the street base on the northeast corner of South Limestone and Mulberry had occurred on October 2, 1995, i.e., between the time that Cunningham last marked the lines and the time of the accident. McCullough was also questioned about his records indicating that the northeast curb of the intersection had been poured on September 28 and 29. McCullough testified that the crews had worked from dawn until dusk and that the curb may not have been completed by the time of Cunningham's visit to the site on the September 29.
McCullough further testified that, on the morning of the accident, he and the foreman of the prime contractor had been flagged down by the owner of a business along South Limestone, who reported that the Ohio Edison crew that was drilling on the opposite side of the street-at the site of the accident-had pulled out some wire. When they investigated, the foreman asked the Ohio Edison crew if they knew that there was an Ameritech cable in the area, and a crew member "laughed and said, `Yeah, it must be abandoned[,]'" as he pulled wire from the auger. The crew then continued to dig.
Ohio Edison refuted Cunningham's testimony by introducing pictures of the intersection on the day of the accident which did not show all of the markings Cunningham claimed to have made, by introducing testimony suggesting that the type of markings Cunningham claimed to have made may not have been up to the industry standard, and by emphasizing Cunningham's misperception that someone other than Ohio Edison had made the OUPS request to which he had responded on September 29, 1995.
We agree with the trial court's assessment that Cunningham's misunderstanding about who had made the OUPS request was irrelevant in light of his unrefuted testimony that his markings would have been unaffected by who made the request. More importantly, Cunningham's and McCullough's testimony was competent, credible evidence supporting Ameritech's claim that Ohio Edison had acted negligently in digging where it had and in continuing to dig after it had struck the telephone lines. In light of this testimony, we cannot conclude that the trial court's judgment was against the manifest weight of the evidence.
Ohio Edison's four assignments of error are overruled.
The judgment of the trial court will be affirmed.
 ______________ WOLFF, J.
GRADY, P.J. and FAIN, J., concur.